## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

**GARY PALMER,**
      **Plaintiff,** )    **JURY TRIAL DEMANDED**
                  )
**v.** )
                  )    **CASE NO. 3:14 CV**
**MIDLAND FUNDING LLC,** )
**MIDLAND CREDIT MANAGEMENT, INC.** )
      **Defendants.** )

## COMPLAINT

1.    Plaintiff brings this class action against defendants to obtain relief for himself for violations of the federal Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq*. ("FDCPA").

## JURISDICTION

2.    This Court has jurisdiction under 15 U.S.C. §1692k(d).

3.    Venue in this District is appropriate because Defendants' collection demands were received in Connecticut; and Defendants intentionally aimed the activities at issue toward Connecticut.

## PARTIES

4.    Plaintiff Gary Palmer is a natural person to whom defendants mailed collection letters at his postal address in Greenwich CT.

5.    Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. §1692a(3).

6.    Each Defendant is a debt collector as defined by the FDCPA, 15 U.S.C. §1692a(6). The principal purpose of Defendants is the purchase or collection of defaulted debts using the mails and telephone.

7.    Defendants engaged in collection efforts and communicated with Plaintiff on or after

one year before the date of the filing of this action, in connection with collection efforts with regard to plaintiff's account allegedly originating with AT&T Universal Card Platinum ("AT&T") ending in 3526.

## FACTUAL ALLEGATIONS

8.      Defendant Midland Funding, LLC ("Funding") claims to have purchased Plaintiff's defaulted AT&T account in or before 2011.

9.      Funding is licensed as a debt buyer in Connecticut by the Connecticut Department of Banking.

10.     In and since 2011, Defendant Midland Credit Management ("MCM") engaged in collection efforts on behalf of Funding, seeking to collect a balance on plaintiff's AT&T account, identifying it as MCM account number ending in 8914.

11.     MCM is licensed as a consumer collection agency by the Connecticut Department of Banking.

12.     The alleged debt at issue arose out of credit card transactions which were primarily for personal, family or household purposes.

13.     On or about October 25, 2013, the Defendants sent to the Plaintiff by U.S. mail a collection or dunning letter (the "October 25 Letter") which attempted to induce Plaintiff into paying on the debt.

14.     The October 25 touted as one of the benefits of paying that "We will stop applying interest to your account as soon as you make the first payment!"

15.     Defendants knew they had not been applying interest to the account. Defendants'

2

letter dated December 1, 2011 (the "December 2011 letter") had recited the same "current balance" as the October 25 letter.

16.     The December 2011 letter had also touted as one of the "Benefits of Paying" that "We will stop applying interest to your account."

17.     At all times relevant hereto, Defendant's policy and practice was not to apply interest to the AT&T accounts.

18.     Defendants intended the recipients of collection letters concerning AT&T accounts and referencing interest (the "Letters") to make a payment in order to stop accruing interest, without disclosing that interest was not accruing, and without disclosing that payment would renew the statute of limitations on the entire amount.

19.     Defendants' policy is not to charge interest on certain accounts. http://www.regulations.gov/#!documentDetail;D=CFPB-2013-0033-0297 at pp. 1, 7, 14.

20.     Each Defendant knew or should have known that its actions violated the FDCPA. Additionally, Defendants could have taken the steps necessary to bring its letters into compliance with the FDCPA, but each neglected to do so and each failed to adequately review its actions to ensure compliance with said law.

## CLAIMS FOR RELIEF

21.      Defendants violated the FDCPA as to the Plaintiff. Defendants' violations include violations of 15 U.S.C. §§ 1692e,  1692e(2)(A), 1692e(5), 1692e(10 or 1692f as evidenced by the following conduct:

(a)     The use of false, deceptive or misleading representations or means in

connection with the collection of debt, in violation of section 1692e;

(b)      The false representation of the character, amount or legal status of the debt, in violation of section 1692e(2);

(c)      The threat to take any action that is not intended to be taken, in violation of section 1692e(5);

(d)      The use of a false representation or deceptive means to collect or attempt to collect a debt, in violation of section 1692e(10);

(e)      The use of unfair or unconscionable means to attempt to collect a debt, in violation of section 1692f; or,

 (f)      Otherwise using false, deceptive, misleading and unfair or unconscionable means to collect or attempt to collect an alleged debt from the Plaintiff.

22.      Defendants' acts as described above were done with the purpose of inducing Plaintiff to pay the debt.

23.      As a result of the above violations of the FDCPA, Defendants are liable to Plaintiff for statutory damages,  attorneys' fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that relief be granted as follows:

(a)      That judgment be entered against each Defendant for statutory damages pursuant   to 15 U.S.C. § 1692k(a)(2)(A);

(b)      That the Court award costs and reasonable attorneys' fees, pursuant to 15 U.S.C. § 1692k(a)(3); and,

4

(e)     That the Court grant such other and further relief as may be just and proper.

Respectfully submitted,

Date: May 14, 2014

**/s/ Joanne S. Faulkner**
Joanne S. Faulkner ct04137
faulknerlawoffice@snet.net
123 Avon Street
New Haven, CT 06511-2422
(203) 772-0395